# FORM TO BE USED BY A FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2190-BO
(leave this space blank)


FILED
AUG 2 6 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

JEFFREY C. NEUHAUSER
(enter full name of petitioner)

v.                                           Inmate Number  43446-083

TRACY W. JOHNS, WARDEN

(enter full name of respondent)

**********************************************************************************************

1. Place of detention  Federal Correctional Institution, Medium 1, Butner NC

2. Name and location of court which imposed sentence  U.S. District Court,
District of Maryland (Case No. AW-99-0189); Sentence completed 6/6/07.

3. List the indictment number(s) (if known) upon which sentence was imposed and the
offense(s) for which sentence was imposed.  1. Title 18, U.S. Code, Section
2423(b) Interstate Travel with Intent to Engage in Sex with a Minor;
2. Title 18, U.S. Code, Section 2252(a)(1) Distribution of a Visual
Depiction of a Minor Engaged in Sexually Explicit Conduct

4. Give the date upon which sentence was imposed and the terms of the sentence  11/15/99,
109 months for both counts to run concurrently with sentence im-
posed by the U.S. Court for the Eastern District of Virginia (Case
No. 09-00028)

Page 1 of 6

Case 5:10-hc-02190-BO   Document 1   Filed 08/26/10   Page 1 of 10

5. Check whether a finding of guilty was made

☑ After a plea of guilty

☐ After a plea of not guilty

☐ After a plea of <u>nolo</u> <u>contenders</u>

6. If you were found guilty after a plea of not guilty, check whether that finding was made

by ☐ a jury

☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of the sentence?

☐ yes            ☑ no

8. If you answered "yes" to #7, list:

(a) the name of each court to which you appealed:

(1) _____

(2) _____

(3) _____

(b) the result in each court to which you appealed, and the date of each such result:

(1) _____

(2) _____

(3) _____

(c) if known, the citations of any written opinion(s) or order(s) entered pursuant to

such results:

(1) _____

(2) _____

(3) _____

9. State concisely the **grounds** on which you base your allegations that you are being

held in custody unlawfully. __Please see attached__

_____

10. State concisely and in the same order the *facts* which support each of the grounds set out in #9. <u>Please see attached</u>

Page 3 of 6

_____

_____

11. Have you previously filed petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to this conviction?

    ☐ yes                     ☑ no

12. If you answered "yes" to #11, list each petition, motion or application.

    (a) The specific nature thereof:

        (1) _____

        (2) _____

        (3) _____

    (b) The name and location of the Court in which each was filed:

        (1) _____

        (2) _____

        (3) _____

    (c) The disposition and date of each such disposition:

        (1) _____

        (2) _____

        (3) _____

    (d) The citations, if known, of any written opinion(s) or order(s) entered pursuant to each such disposition:

        (1) _____

        (2) _____

        (3) _____

13. If you did not file a motion under 28 U.S.C. § 2255, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: _____

_____

_____

Page 4 of 6

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14. Has any ground set forth in #9 been previously presented to this court or any other federal court by way of application for habeas corpus, motion under 28 U.S.C. § 2255, or any other petition, motion or application?

    ☐ yes                  ☑ no

15. If you answered "yes" to #14, identify:

    (a) which grounds have been previously presented:

        (1) _____

        (2) _____

        (3) _____

    (b) the proceeding in which each ground was raised:

        (1) _____

        (2) _____

        (3) _____

16. Were you represented by an attorney at any time during the course of

    (a) your arraignment and plea?   ☑ yes     ☐ no

    (b) your trial, if any?         ☐ yes     ☐ no

    (c) your sentence?          ☑ yes     ☐ no

(d)   your appeal, if any, from the judgment or conviction or the imposition of sentence?                                              ☐ yes          ☐ no

(e)   preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction which you filed?   ☐ yes          ☐ no

17.  If you answered "yes" to one or more parts of #16, list:

(a) the name and address of each attorney who represented you:

(1) Mr. Michael Citaramanis, Assist Federal Public Defender

(2) Office of the Federal Public Defender

(3) 6411 Ivy Lane, Suite 710, Greenbelt MD 20770

(b) the proceedings at which each attorney represented you:

(1) _____

(2) _____

(3) _____


Signed this ___23rd___ day of __August__ , ~~x~~ 2010

_Jeffrey C. Neuhauser_
Signature of Petitioner


I declare under penalty of perjury that the foregoing is true and correct.

___8/23/10___           _Jeffrey C. Neuhauser_
Date                    Signature of Petitioner


Page 6 of 6

#9 My current situation, only recently transferred from Judge Britt's Court (No. 5:07-HC-2101-BR) to Judge Boyle's Court (now No. 5:07-HC-2101-BO) resembles that of Gerald Wayne Timms (See Timms v. Johns, 2010, U.S. Dist. Lexis 32505, currently on appeal in the Fourth Circuit, No. 10-6496) in that he and I have both been detained unlawfully pursuant to 18 U.S.C. § 4248, the civil commitment component of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587 (2006). I wish, therefore, in the interest of judicial economy, to present here the same issues argued in Timms v. Johns, Supra in as much as Mr. Timms and my own conditions of confinement are exactly the same, but with the addition of three (3) issues not covered in Timms:

1. Detention past my release date pursuant to § 4248 is a violation against constitutional protections from laws that impair the obligation of contracts

2. The government, by and through the Bureau of Prisons (BOP), endangers petitioner's personal safety by forfeiting its policy prohibiting the placement/housing of mixed security-level inmates

3. The government, by and through the BOP, failed to honor the law's call for my detention in a "suitable facility"

#10

**1. The application of 18 U.S.C. § 4248 violates the constitutional prohibition against enactment of laws that impair the obligation of contracts (Article 1 § 10)**

As applied to petitioner, § 4248 impairs his plea bargain. It has long been recognized by our justice system that plea bargains are contracts. (See U.S. v. Youngworth, U.S. Dist, Lexis 12817 (1989): "The Fourth Circuit's Standard for reviewing plea agreements is to apply 'settled principles of contract law'" quoting U.S. V. Wells, Unpub. Op. No. 88-5596 (4th Cir. July 26, 1989)(citing Hartman v. Blankenship, 825 F. 2d 26, 28-29 (4th Cir. 1987), reh'g and reh'g en banc denied). Petitioner has served his federal sentence in full and completely which was to have included his release, accounting for good time, on June 7, 2007, thereby fulfilling the terms of his sentence, a sentence the government agreed with; but the government has not released petitioner pursuant to that contract.

**2. The government, by and through the BOP, endangers petitioner's personal safety by forfeiting its own policy prohibiting the placement/housing of mixed security-level inmates**

As Applied to petitioner, he is housed with higher security-level inmates, higher than his "low Security" level, putting his life and limb at risk. Unfortunately, as of today's date, I am unable to ac-

cess the "United States Department of Justice, Federal Bureau of Prisons Program Statements" on the prison's Trulincs/Lexis Law Library computer as it is blocked (and has been for months), flying the face of the President's and the Attorney General's order for transparency in government. Therefore, I am unable to cite exact BOP Policy Statements to support my claim.

## 3. The government, by and through the BOP, failed to honor the law's call for my detention in a "suitable facility"

§ 4247(a)(2) defines "suitable facility" as, "a facility that is suitable to provide care or treatment given the nature of the offense and the character of the defendant". This is not definition; it is tautology; the kind of vague and fuzzy word usage that allows for abuse when implementing laws. But taking the definition as is, my "care" and "treatment" are exactly the same, if not worse than sentenced inmates (see Timms, supra). Courts have long held that more considerate treatment must be afforded to civilly committed individuals (See Youngberg v. Romeo, 457 U.S. 307 (1982) at 321-22) and that civil detainees, like criminal detainees not yet convicted of a crime, retain greater liberty protections than convicted ones because detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law" (from Bell v. Wolfish, 441 U.S. 520 (1979) at 535)(See also Allen v. Illinois, 478 U.S. 364 (2009) at 374)(See also Jones v. U.S., 463 U.S. 354 (1983) at 361)(See also Zinerman v. Burch, 494 U.S. 113 (1990) at 131). Petitioner is being housed in the Commitment and Treatment Program (CTP) Unit (Maryland Unit) which is managed/administered by the Psychology Department at Butner, staffed by psychologists who are in the public record as not subscribing to commonly accepted scientific standards for research and/or treatment (See U.S. V. Johnson, LEXSEE 588 F. Supp. 2D 997, U.S. Dist. Court for the southern District of Iowa, Central Division (2008). In this case, the government, in an effort to implicate the defendant in crimes he "could" have committed, proferred "The Butner Study Redux: A Report of the Incidence of Hands-on Child Victimization by Child Pornography Offenders", authored by the current Clinical Director of Butner's CTP Program. The "study" claims that a large number of child pornography offenders had each committed multiple hands-on crimes that went unreported. The Johnson court ruling is a well-articulated, and presented to this court as a stand-alone, indictment of Butner CTP psychologists, to wit;

"The inference that the government asks the court to draw is distasteful and prohibited by law"

"The study's 'whole approach' is rejected by the treatment and scientific community"

"The court will not accept 'science' conducted in secret"

Attachment to Pages 3 and 4 (of 6), Petition for Writ of Habeus
Corpus pursuant to 28 U.S.C. Section 2241, Jeffrey C. Neuhauser,
August 23, 2010, Page Three

"...the study was unreliable"

"The Butner Study is not credible"

"The Program[1] is highly coercive"

And most importantly,

"This study would fail to meet the Daubert Standard [of
evidence]"

The Johnson court ultimately acknowledged the only possible ex-
planation for pseudoscience like this when it said this study is
"...in actuality a product of the tremendous 'political pressure
applied' to researchers in this research field". This study, de-
spite its scientific failings, was distributed to all United
States Attorneys. And worse, its findings were used by Michael
J. Heimbach of the Crimes Against Children Unit, Criminal Inves-
tigative Division of the F.B.I. in his testimony, May 1, 2002, be-
fore the Subcommittee on Crime, Terrorism and Homeland Security,
Committee on the Judiciary, U.S. House of Representatives (avail-
able on the F.B.I.'s website). I say "and worse" for at least two
reasons. First, did Mr. Heimbach lie to Congress? And secondly,
non-peer-reviewed, result-driven "research" like this, disguised
as "science", especially when presented to policy makers, formu-
lates only policy that meets preconceived ideologies. In their
published paper, "Sexually Violent Predators in the Courtroom"
(Psychology, Public Policy, and Law, Vol. 12, No. 4, 357-393
(2006)) the five authors had in mind so-called studies like this
when, in their conclusion, they say:

"We are witnessing in dramatic relief, the unfolding
of two outcomes in [Sexually Violent Predator] hearings:
(a) the loss of the integrity of the adjudicative process
with testimony that is, at best, opaque, and, at worst,
dissimulative; and (b) the loss of the integrity of science
itself."

It would appear that the current BOP/CTP psychologists are pre-
cisely not the ones who should be in charge of petitioner's "care
and treatment" while he awaits a commitment hearing. And as U.S. v. JOHNSON
shows, they aren't the ones to manage/administer a "suitable fac-
ility" either.

---

[1] Butner's Sex Offender Treatment Program (SOTP), the participants
of which were the basis for the study.

With this Petition, I seek the following relief:

1. Immediate Release

2. If immediate release is not forthcoming for any reason, then I seek the following:

   A. The petitioner requests court-appointed counsel, pursuant to § 2241 to represent him in these proceedings as he is unlearned in law and has no means of compensation for his own attorney.

   B. Immediate relief from forced psychological observation until such a time as I am committed, including absolutely no personal contact with BOP (CTP or otherwise) psychology and/or psychiatric personnel [The petitioner fears swift, arbitrary and capricious retaliation for bringing Item #3 in his list of issues to this court's attention]. This would also have the effect of removing said staff from their current and obvious conflict of interest, clearly benefiting from petitioner's continued and, perhaps, future incarceration.

   C. Immediate access to experts, consultants and scholars through the U.S. Mail without BOP scrutiny of any of my outgoing or incoming mail, except in my presence, so that I can properly assist my attorney's preparation for a hearing, the consequences of which could mean a virtual life sentence.

   D. Immediate access to phone calls without BOP electronic or real-time monitoring for the same reasons.