October 18, 2010

The Honorable Terrence W. Boyle
United States District Court
Eastern District of North Carolina - Western Division
P.O. Box 25670
Raleigh NC 27611

**FILED**

OCT 2 5 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___KK___ DEP CLK

Re: U.S. v. Neuhauser, 5:07-HC-2101-BO
Neuhauser v. Johns, 5:10-HC-2190-BO

Dear Judge Boyle:

Regarding my letter to you dated September 30, 2010, I wish to inform the court of a correction: Indeed, John Ballard was transferred to Maryland Unit on the 14th of this month. However, I've had an opportunity to talk directly to him about the subject of said letter. It was not Mr. Ballard that Dr. Steinour directed the alleged browbeating, but another inmate, Kendrick Douglas, who won't be transferred to Maryland Unit until December. I apologize for any inconvenience my first letter may have caused.

Mr. Ballard [U.S. V. Ballard, No. 5:10-HC-02155-D] told me of another horror story about Butner CTP psychologist abuse of detainees which I would like to share with the court: The forensic psychologist assigned to evaluate Mr. Ballard is a Dr. Coard who took it upon himself to search ("shakedown") Mr. Ballard's cell before coming to Maryland Unit (in Feb/March of this year) on two occasions. After the second search, Mr. Ballard's gray mesh gym bag and its contents (some of his legal work) was missing. Two staff members and two inmates witnessed Dr. Coard's departure from his housing unit with the gym bag. No confiscation form, detailing that which was confiscated, was left behind, a requirement of BOP policy that has never been honored by CTP staff during any and all Maryland Unit shakedowns. Lt. Fernandez proceeded to investigate the missing bag and determined that 1. Two staff members witnessed Coard with the bag, and 2. No confiscation notice was recorded. Two days after the 2nd shakedown, Dr. Coard confronted Mr. Ballard with the contents of the bag, asking him why he had certain cases in his possession. Mr. Ballard answered that it was none of "your business".

Because we're being detained in a federal prison, the abuse of shakedown procedures, as above, seems to go without any oversight. What can this court do to stop this abuse? Would a restraining order be issued? Can the court appoint a guardian ad litem on site to observe and protect our/detainee's rights and to provide court protection? Please, your Honor, I beg the court for some kind of immediate relief from what is clearly unethical and/or illegal behavior by our caretakers.

Sincerely,

Jeffrey C. Neuhauser 43446-083

Case 5:10-hc-02190-BO   Document 6   Filed 10/25/10   Page 1 of 1